**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeri Christine Villa, | No. CV-18-03332-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Collins Court Apartments, et al., | |
| Defendants. | |

Plaintiff Jeri Christine Villa filed suit against seven defendants, alleging violations of the Fair Housing Act and other claims. Before the Court are three Motions to Dismiss, filed respectively by Defendants Collins Court Apartments ("Collins Court") (Doc. 40), Maricopa Regional Continuum of Care ("MCC") (Doc. 20), and Human Services Campus, Inc. ("HSC") (Doc. 76).[1] Defendant Community Bridges Inc. ("CBI") has also filed a Motion for Entry of Final Judgment. (Doc. 109.) The Motions to Dismiss are granted; Plaintiff will be given leave to amend. CBI's Motion for Entry of Final Judgment is denied.

**I.     BACKGROUND**

Plaintiff Jeri Christine Villa, pro se, filed the original Complaint on October 17, 2018 (Doc. 1), and the First Amended Complaint on October 22, 2018. (Doc. 9.) The Court granted Plaintiff's request to file a Second Amended Complaint on December 4, 2018.

---

[1] Only Defendant HSC requested oral argument. (Doc. 76.) The Court believes that oral argument would not significantly aid the decisional process. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same).

(Doc. 13.)[2]

Plaintiff moved into the Collins Court Apartments in Phoenix, Arizona on December 21, 2012. (Doc. 14 at 5.) The Second Amended Complaint states that Plaintiff was a participant in the "Permanent Supportive Housing (PSH) program under the [Continuum of Care] and funded in part by [the Homeless Emergency Assistance and Rapid Transition to Housing Act of 2009]." (Doc. 14 at 5.) The majority of the Second Amended Complaint describes various conflicts and other issues between Plaintiff and other tenants, and between Plaintiff and the apartment's personnel. It describes, for example, another tenant's physical attack on Plaintiff following a disagreement (*Id.* at 5); "[c]onstant harassment, ridicule and intimidating behavior" by the same fellow tenant despite grievances that Plaintiff filed to the Property Manager (*Id.* at 6); a meeting with a "Peer Support Specialist" who subsequently shared Plaintiff's "private medical information and other very personal information" with other residents (*Id.* at 9); and an unjustified citation for having "excessive trash" in the apartment. (*Id.* at 10.) The Second Amended Complaint alleges that Plaintiff faced discriminatory treatment. (*See id.* at 19 ("The neighbor I had so many problems with was given preferential treatment by all members associated with Collins Court Apartments because she was the only Hispanic tenant and 4 of the 5 Complex staff members were also Hispanic.")).

Plaintiff claims that after receiving two 30-day notices and ultimately an eviction notice, she was "physically removed from [her] apartment on November 3, 2016 by the Constable and not allowed to return until 29 days later to remove [her] property from the apartment." (*Id.* at 16.) Plaintiff spent the next 369 days homeless and "had a very hard time finding housing due to the Property Manager's report of the eviction." (*Id.*) Plaintiff demands an award of $10,000,000 for "mental anguish, pain and suffering" as well as

---

[2] The Court previously noted that the original Complaint "offers a confusing narrative rendering the Court unable to determine the plausibility of Plaintiff's claims." (Doc. 6.) The Second Amended Complaint, although significantly more detailed than the original Complaint, remains confusing; it is accordingly difficult, if not impossible, to determine the plausibility of Plaintiff's claims.

$1,000,000 "from each Defendant named in this Complaint for violations of my Civil Rights." (*Id*. at 20.)

Plaintiff named seven defendants in the Second Amended Complaint: Collins Court Apartments; Maricopa Regional Continuum of Care; Arizona Housing, Inc.; Human Services Campus; HOM, Inc.; Dunlap & Magee Property Management, Inc.; and Community Bridges, Inc. Plaintiff states that the defendants are "government entities OR incorporated OR have entered into Partnerships within Maricopa County, AZ AND have entered in to [sic] legal contracts with Maricopa Regional Continuum of Care AND are bound by the laws of the United States of America. They are Applicants AND Recipients OR Recipients OR Sub-recipients of federal grant monies under the Department of Housing and Urban Development (HUD) HEARTH Program and other HUD programs." (*Id*. at 2.)

Although not entirely clear as to which claims are brought against which defendants, the Second Amended Complaint states that the Court "has jurisdiction in this matter pursuant to TITLE VIII of the Civil Rights Act of 1968 as amended (Fair Housing Act) (FHA) (42 USC 3601); Homeless Emergency Assistance and Rapid Transition to Housing Continuum of Care Program Interim Rule (HEARTH) (24 CFR Part 78), Quid Pro Quo and Hostile Environment Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act (QPQHEHLDHP) (24 CFR-100), Health Insurance and Portability and Accountability Act of 1996 (HIPAA), The Fair Credit Reporting Act (15 U.S.C. 1681)[.]" (*Id*. at 1.)

Defendants Arizona Housing, Inc. and Dunlap & Magee Property Management, Inc. have answered the Second Amended Complaint. (Docs. 36, 108.) Defendant HOM, Inc. was previously dismissed (Doc. 101) after Plaintiff moved the Court to "dismiss all claims against HOM" (Doc. 81 at 1); judgment has not yet entered. Defendants Collins Court, MCC, and HSC have filed the pending Motions to Dismiss. (Docs. 20, 40, 76.) Defendant CBI was previously dismissed (Doc. 91) after Plaintiff failed to respond to CBI's Motion to Dismiss. CBI has filed the pending Motion for Entry of Final Judgment. (Doc. 109.)

## II. MOTIONS TO DISMISS

### A. Legal Standards

#### 1. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Court must accept Plaintiff's material allegations as true and construe them in the light most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581. A district court generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). If "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There are two exceptions to this general rule. First, a court may consider "material which is properly submitted as part of the complaint" without converting the motion. *Lee*, 250 F.3d at 688. The same is true for documents not physically attached to the complaint but whose "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them. *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Second, a court may take judicial notice of "matters of public record" without converting the motion to dismiss into a motion for summary judgment. *See Lee*, 250 F.3d at 689; Fed. R. Evid.

201(b)(2).

### 2. Rule 12(b)(5)

A defendant may move to dismiss, pursuant to Rule 12(b)(5), for insufficient service of process under Rule 4. *See* Fed. R. Civ. P. 12(b)(5). "Before a … court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). The plaintiff bears the burden of establishing the validity of service on a Rule 12(b)(5) motion. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### B. ANALYSIS

#### 1. Collins Court Apartments

The Second Amended Complaint names Collins Court, Plaintiff's apartment complex, as a defendant. (Doc. 14.) Although it references various events that occurred at Collins Court the Second Amended Complaint does not specify any claims against it. Collins Court argues that the Second Amended Complaint should be dismissed for three reasons: Collins Court is not a properly named party, service of process was insufficient, and Plaintiff failed to state a claim. (Doc. 40.) The Court will grant the motion with leave to amend.

##### a. Wrong Party

Collins first moves to dismiss pursuant to Rule 12(b)(6)[3] because "[n]o entity identified as 'Collins Court Apartments' is a legal entity in the State of Arizona." (*Id.* at 3.)[4] Collins Court attaches as Exhibit 2 to its motion an Arizona Corporation Commission

---

[3] Although the motion does not specifically state as much, the Court presumes that this argument is brought under Rule 12(b)(6). *See, e.g., v Bispo v. GSW Inc.*, No. CV. 05-1223-PK, 2006 WL 8442912, at *5 (D. Or. May 17, 2006), report and recommendation adopted, No. 05-CV-1223-PK, 2006 WL 8442911 (D. Or. July 28, 2006) (granting a Rule 12(b)(6) motion on grounds that Plaintiff named the wrong entity); *Oland v. Forever Living Prod. Int'l*, Inc., No. CV 09-8039-PHX-MHM, 2009 WL 5128658, at *2 (D. Ariz. Dec. 17, 2009) (addressing Rule 12(b)(6) motion to dismiss arguing that "Plaintiff named the wrong defendant in this lawsuit").

[4] Collins Court noted on its motion that it "appears specially to move this court to dismiss

- 5 -

record demonstrating that no such entity is recognized by the State of Arizona. (Doc. 40-2.) Plaintiff has accordingly "brought into this dispute a party against whom no judgment may be procured or other relief ordered" under Rule 17 of the Federal Rules of Civil Procedure. (Doc. 40 at 3.)

In response, Plaintiff asserts that "[t]he defendants know that I am a Pro Se Plaintiff and they made a deliberate and exaggerated effort to conceal who the owner is from me in their MOTION in an attempt to confuse me and by filing numerous, duplicated and nonsensical documents thru [sic] CM/ECF." (Doc. 69 at 3.) The Court notes that this is not accurate; Collins Court has filed only its Motion to Dismiss (Doc. 40) and a motion to seal an exhibit to its Motion to Dismiss (Doc. 64). Nonetheless, in an apparent concession to Collins Court's argument, Plaintiff was ultimately "able to ascertain" that Collins Court is "indeed, owned and operated by Arizona Housing, Inc. (AHI) with the assistance of Dunlap & Magee Property Manage, Inc. as their Agent[.]" (*Id.*)[5]

As stated, a court must generally convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56 if it considers evidence extrinsic to the complaint. Fed. R. Civ. P. 12(d). However, Exhibit 2 to Collins Court's motion is a "matter of public record." *See Lee*, 250 F.3d at 689. "A district court may properly take judicial notice of public records filed with the Arizona Corporation Commission because such filings are 'not subject to reasonable dispute.'" *Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2009 WL 1578313, at *1 n.3 (D. Ariz. June 3, 2009) (citing Fed. R. Evid. 201(b); *Intri–Plex Technologies, Inc. v. Crest Group, Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007) (district court may take judicial notice of matters of public record)). The Court notes that Plaintiff did not question or dispute the accuracy of Exhibit 2. Accordingly, the Court takes judicial notice, pursuant to Federal Rule of Evidence 201, that "Collins Court

---

the above captioned action[.]" (Doc. 40 at 1.)

[5] In the Conclusion, Plaintiff's response requests that Plaintiff's Motion [for] Default Judgment (Doc. 67) be entered against AHI. (Doc. 69 at 5.) That is an entirely separate issue from Collins Court's Motion to Dismiss, however, and has been separately addressed. (Doc. 100.)

Apartments" is not a corporation or other entity recognized under Arizona law.[6] The Court therefore agrees with Collins Court that it is a "party against whom no judgment may be procured or other relief granted" under Rule 17 (Doc. 40 at 3.) Accordingly, the Court will grant the motion and dismiss Collins Court from this case.

### b. **Insufficient Service of Process**

Second, Collins Court moves to dismiss pursuant to Rule 12(b)(5) for improper service of process. The motion states that the individual upon whom the summons and complaint were served ("Legal Owner(s) Collins Court Apartments Attn: Alta Garcia – Property Manager") was not authorized to accept service of process pursuant to Rule 4(h). (*Id*.) The motion attaches Plaintiff's lease agreement, which "identified the person who was authorized to accept service on behalf of that ownership as the 'statutory agent for Dunlap & Magee Property Management Co., Inc.'" (*Id*. at 2, Doc. 40-1 at 2.) The Court need not reach this issue because it has already concluded that Collins Court is dismissed from this case. The Court nonetheless emphasizes the importance of compliance with Rule 4, should Plaintiff file a Third Amended Complaint.

### c. **Failure to State a Claim**

Third, Collins Court moves to dismiss under Rule 12(b)(6) for failure to state a claim. Collins Court argues that Plaintiff "raises no issues suggesting that she was harmed by building's ownership or that there is any factual or legal basis for holding the ownership of that property liable for any harm that she believes she incurred during her tenancy." (*Id*.

---

[6] Rule 17(b) states that the capacity for an individual to be sued is determined by the law of an individual's domicile or the law under which a corporation was organized, and "for all other parties, by the law of the state where the court is located, except that: a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]" Fed. R. Civ. P. 17(b). Collins Court is not an individual or corporation under subsections (b)(1) or (b)(2), respectively. Although neither party has specifically addressed this issue, Plaintiff did not allege that Collins Court—the name of an apartment complex—is any other type of party, including a partnership or incorporated association, that is subject to suit. *See id.; see also* Ariz. R. Civ. P. 17.

at 5.) It also states that the Second Amended Complaint "[d]oes not provide any information about her residence at Collins Court Apartments other than the fact that she was physically housed there for almost four years." (*Id*.)

Although it need not address this issue, the Court agrees with Collins Court that Plaintiff has failed to state a claim against it. Aside from descriptions of various altercations occurring at the apartment complex, the Second Amended Complaint's references to Collins Court are as follows: "On December 21, 2012 I moved in to Collins Court Apartments as a Participant in the Permanent Supportive Housing (PSH) program" (Doc. 14 at 5); "In an attempt to preserve my mental health, I approached [the] Peer Support Specialist assigned to Collins Court for assistance" (*Id*. at 8); Plaintiff was advised, in the context of receiving a 30-day notice, that "[she] would face trespassing charges if [she] returned to Collins Court for any reason" (*Id.* at 11); following Plaintiff's eviction, "[o]n October 17, 2017, I was rejected by an apartment complex who uses the same Attorney for the 'Legal matters' as the one that is noted [on] most, if not all the 'Notices' given by Collins Court" (*Id*. at 17); and the statement referenced above that a neighbor was given preferential treatment "by all members associated with Collins Court Apartments" because she was Hispanic. (*Id*. at 19.) Even construing the facts as favorably for Plaintiff as possible, the Second Amended Complaint does not specify any claims brought against Collins Court. (Doc. 14.) The few specific references to Collins Court do not provide it with "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The Court concludes that dismissal of Collins Court is also appropriate for this independent reason.

### 2. Maricopa Regional Continuum of Care

MCC is a "Continuum of Care" under the federal Homeless Emergency Assistance and Rapid Transition to Housing: Continuum of Care Program, 77 FR 45422-01 (July 31, 2012), which means that it is a "coordinating body for homeless services and homelessness prevention activities across the geographic area." (Doc. 20 at 3); 77 FR 45422-01 at *45426. MCC's Motion to Dismiss argues that the claims against it should be dismissed

because they were not timely filed, and because the Second Amended Complaint fails to state a claim under the Fair Housing Act. (Doc. 20 at 2.) The Court will grant the motion with leave to amend.[7]

### a. Untimely

MCC first argues that Plaintiff's claims against it are untimely because Plaintiff exceeded the two-year statute of limitations for bringing a Fair Housing Act claim. (Doc. 20 at 4.) MCC states that the last date on which the statute of limitations could have begun to run was November 3, 2016—the date Plaintiff states that she was evicted from her apartment. (*Id*.) However, MCC was not added to the case until the November 19, 2018 lodging of the Second Amended Complaint.[8] Accordingly, the two-year statute of limitations has run, "rendering [Plaintiff's] claim against MCC untimely and barred as a matter of law." (*Id*.)

In response, Plaintiff argues that the statute of limitations has not run because the alleged discriminatory practice "continues to this day." (Doc. 51 at 5.) Plaintiff states that she was not permitted to return to the apartment to remove her property until December 2, 2016, and that "almost a year later, after searching for an apartment for weeks and submitting an application to another complex," Plaintiff was turned down due to negative comments on a background check.[9] (*Id*. at 4.)

---

[7] MCC states, in footnote 1 to its Motion to Dismiss, that "MCC is not a legal entity under Arizona law and therefore cannot be sued." (Doc. 20 at 1 n.1). It states that the appropriate entity, if any, is the Maricopa Association of Governments. The Court does not deem this to be a proper issue for this Motion to Dismiss. The relevant regulation states that a Continuum of Care "*might not* be a legal entity," 77 FR 45422-01 at *45429 (emphasis added), and the "Maricopa Regional Continuum of Care Governance Charter Operating Policies," referenced in both the Second Amended Complaint and MCC's Motion to Dismiss, is attached to neither filing.

[8] The Second Amended Complaint was filed by the Clerk of the Court on December 4, 2018.

[9] Plaintiff also appears to argue that she should not be penalized for the fact that as a pro se litigant, "every filing submitted in this case must first be reviewed by the Court." (Doc. 51 at 5.) Although the Second Amended Complaint was lodged on November 19, 2018, the official filing date was not until December 4, 2018. (*Id*.) However, given that Plaintiff was evicted on November 3, 2016, the analysis is identical with respect to both dates.

- 9 -

As noted, MCC was added as a defendant in this case by the Second Amended Complaint. The Second Amended Complaint's references to MCC are limited to the following: "Maricopa Regional Continuum of Care and Human Services Campus have been named as additional Defendants" (Doc. 14 at 4); a reference to a document called the "Maricopa Regional Continuum of Care Governance Charter Operating Policies (Rev. 3/27/2017)"[10] (*Id.*); "There aren't any written policies or procedures … that even mention the Maricopa Regional Continuum of Care" (*Id.* at 18–19); "Who watches over the Program Director? Who makes sure that the person entrusted with the decision, the 'boots on the ground', is doing his due diligence to treat all tenants in a fair and equal manner? With RESPECT! With DIGNITY! Without PREJUDICE! Where was the Maricopa Regional Continuum of Care? Who knows!" (*Id.* at 19); and "It is for these important reasons that I also name the Maricopa Regional Continuum of Care as a Defendant in this matter and as provided for under the Fair Housing Act, Homeless Emergency Rapid Transition to Housing[.]" (*Id.*) MCC was not referenced in the original Complaint (Doc. 1) or the Amended Complaint. (Doc. 9.)

The first issue is the date on which the statute of limitations began to run. The statute of limitations for a Fair Housing Act claim is "2 years after the occurrence or the termination of an alleged discriminatory housing practice[.]" *See* 42 U.S.C. § 3613(a)(1)(A). In considering statute of limitations issues, a court is to "look at when the operative decision occurred" and to "separate from the operative decisions those inevitable consequences that are not separately actionable." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (internal citations and quotations omitted). The Supreme Court has held that where a Fair Housing Act plaintiff challenges not just one incident, but rather a continuing practice, the complaint is timely when it is filed within

---

[10] "The entity that oversees PSH; 1 of 3 supporting housing programs defined in HEARTH. The Grant APPLICANT AND RECIPIENT of grant funds OR the RECIPIENT o[f] the Grant. Its duties are to **OPERATE** the Continuum of Care (C of C); **DESIGNATE** an HMIS (Homeless Management Information System (dat[a] collection) for the C of C and **PLAN** for the C of C. – *Maricopa Regional Continuum of Care Governance Charter Operating Policies. Rev 2/27/2017*" (Id. at 4.)

two years of "the last asserted occurrence of that practice." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982).[11] In other words, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (*citing Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

Even assuming that Plaintiff is arguing a continuing practice theory of the Fair Housing Act, the Court concludes that, at the latest, the statute of limitations began to run on the date Plaintiff was evicted from her apartment—November 3, 2016. The alleged date on which Plaintiff removed her items from the apartment, and her resulting difficulty in finding another apartment, are more properly characterized as alleged "continual ill effects" than alleged "continual unlawful acts." *Garcia*, 526 F.3d at 462.

Accordingly, the second issue is whether the Second Amended Complaint "relates back" to the October 17, 2018 Complaint, or the October 22, 2018 Amended Complaint, with respect to MCC. Rule 15(c) of the Federal Rules of Civil Procedure governs when amended pleadings "relate back" to the date of the original pleading. Fed. R. Civ. P. 15(c). When an amended pleading changes a party or a party's name—as the Second Amended Complaint did when adding MCC for the first time—the rule requires that "the party to be brought in by amendment … knew or should have known that the action would been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Rule 15(c) "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (emphasis in original). The Complaint and Amended Complaint, both of which made *no* reference to MCC, did not provide actual or constructive notice to MCC that it would be added to the case. Accordingly, the Court grants MCC's motion with respect to any Fair Housing Act claim brought against it.

The Court notes that the Second Amended Complaint states, "It is for these

---

[11] At the time of *Havens*, the relevant statute of limitations was 180 days. *Id*. at 380.

important reasons that I also name the Maricopa Regional Continuum of Care as a Defendant in this matter and as provided for under the Fair Housing Act, **Homeless Emergency Rapid Transition to Housing**[.]" (Doc. 14 at 19) (emphasis added). The latter is an apparent reference to the Homeless Emergency Assistance and Rapid Transition to Housing: Continuum of Care Program, which does not appear to provide for a private right of action. *See* 77 FR 45422-01. Nonetheless, Plaintiff will be given leave to clarify any remaining claim against MCC.

### b. Failure to State a Claim

MCC also argues that Plaintiff failed to state a Fair Housing Act claim against it. (Doc. 20 at 5.) Although the Court need not reach this issue, it agrees with MCC that dismissal is also warranted for this reason. A prima facia case of intentional discrimination under the Fair Housing Act requires a showing that "(1) plaintiff's rights are protected under the Fair Housing Act; and (2) that as a result of defendant's discriminatory conduct, the plaintiff has suffered a distinct and palpable injury." *Stiles v. Paragon Realty*, No. CV 07-670-TUC-RCC, 2011 WL 13190186, at *4 (D. Ariz. Jan. 20, 2011) (citing *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999)). Based on the Second Amended Complaint's limited references to MCC, stated above, the Court agrees that Plaintiff has "utterly failed to plead any facts which would give rise to an inference that MCC engaged in *any* discriminatory practices." (Doc. 20 at 7.)[12]

Further, Plaintiff has not stated a claim for vicarious liability, even if Plaintiff's statement "Where was the Maricopa Regional Continuum of Care? Who knows!" (Doc. 14 at 19) is generously interpreted as such. The Supreme Court has held that "ordinary, not unusual, rules of vicarious liability should apply" to Fair Housing Act claims. *Meyer v. Holley*, 537 U.S. 280, 289 (2003). "It is well established that traditional vicarious liability

---

[12] The Court is not convinced by MCC's argument that nothing in MCC's Charter "allows it to make decisions regarding the 'sale or rental of a dwelling,' or make any dwelling unavailable to any person." (Doc. 20 at 6.) The Court must accept Plaintiff's material allegations as true and construe them in the light most favorable to Plaintiff. *North Star Int'l*, 720 F.2d at 580. Nonetheless, Plaintiff does not make any allegations that MCC engaged in these practices.

rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Id.* at 285. Plaintiff does not allege that any such agency or employment relationship exists. Accordingly, Plaintiff has failed to plead both a "cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory" against MCC. *Balistreri*, 901 F.2d at 699. Dismissal of MCC is appropriate for the independent reason that Plaintiff has failed to state a claim against it.

### 3. Human Services Campus, Inc.

HSC moves to dismiss on grounds that Plaintiff's claim was untimely and that the Second Amended Complaint fails to state a claim against HSC. The Court will grant the motion with leave to amend.

#### a. Untimely

Like MCC, HSC moves to dismiss Plaintiff's Fair Housing Act claim because it is barred by the two-year statute of limitations. HSC was also added to the case by the November 19, 2018 lodging of the Second Amended Complaint. (Doc. 14.) HSC argues that, based on Plaintiff's November 3, 2016 eviction date, the two-year statute of limitations expired before the Second Amended Complaint was filed. (Doc. 76 at 3.)

In response, Plaintiff states, "there is some sort of 'partnership' between HOM, Inc and HSC and between HSC and Arizona Housing, Inc. (AHI)" that Plaintiff did not discover until after the filing of the First Amended Complaint and "until doing more extensive research on the parties named in this matter and their roles in the Permanent Supportive Housing Program I was involved with[.]" (Doc. 89 at 2.) Plaintiff further asserts that each iteration of the Complaint was filed against "Collins Court Apartments, **Et Al.**," therefore "indirectly nam[ing] HSC from the filing of the original Complaint on October 17, 2018." (*Id*. at 3.) Plaintiff asserts that "[i]t is important to know the nature of these partnerships before dismissing them from liability in this matter" and requests that the Court "compel the Defendant to disclose the nature of their partnerships." (*Id*. at 4–5.) The Court will not compel Defendants to "disclose the nature of their partnerships" pursuant to

- 13 -

Plaintiff' response to HSC's Motion to Dismiss.

The Second Amended Complaint references HSC only three times: "Maricopa Regional Continuum of Care and Human Services Campus have been named as additional Defendants" (Doc. 14 at 4); a citation to a publication regarding the Permanent Supportive Housing Program[13]; and "Peer Support Specialists assigned to each complex owned by HSC and AHI." (*Id.* at 5.) Even assuming, in the light most favorable to Plaintiff, that Plaintiff intended to bring a Fair Housing Act claim against HSC, the Court agrees that the statute of limitations has expired. For the same reasons as stated with respect to MCC, the two-year statute of limitations pursuant to 42 U.S.C. § 3613(a)(1)(A) began to run no later than Plaintiff's November 3, 2016 eviction date. HSC was not added to the case until the November 19, 2018 lodging of the Second Amended Complaint. The Court is not convinced by Plaintiff's argument that the fact that the Complaint was brought against "Collins Court Apartments, **Et Al.**," provided notice to HSC that it would be added to the case. (Doc. 89 at 3.) The Second Amended Complaint therefore does not "relate back" to the earlier pleadings under Rule 15(c). The two-year statute of limitations has expired on any Fair Housing Act claim against HSC. This claim is dismissed.

### b. Failure to State a Claim

HSC also argues that Plaintiff has failed to state a claim against it. (Doc. 76 at 6.) Although it need not reach this issue, the Court agrees. The Second Amended Complaint does not specify *any* claims against HSC. The scant references to HSC in the Second Amended Complaint, referenced above, allege neither a cognizable legal theory nor sufficient facts to support a cognizable legal theory. *Balistreri*, 901 F.2d at 699. For the independent reason that Plaintiff has not provided "fair notice of what the … claim is," *Twombly* 550 U.S. at 550, dismissal of HSC is appropriate.

---

[13] "The PSH is operated by HOM, Inc. and includes a partnership with HSC. HOM, Inc. manages the program eligibility and financial rental assistance. HSC partners with AHI to rent units at their properties that are designed to provide supportive services to assist program participants achieve success in housing'.—*Human Service Campus Supportive Housing Program, written and published by HOM, Inc. Housing Operations & Management (2012, estimated. No date available)*" (*Id.*).

### 4. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure is a liberal standard, stating that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). In granting a motion to dismiss, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Ninth Circuit has also recognized that a "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Exceptions to the general policy of granting leave exist "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The case has been pending since October 17, 2018 (Doc. 1) and Plaintiff has already amended her complaint twice. The Court is accordingly concerned that further amendment would produce an "undue delay." Nonetheless, in light of the considerations above, the Court will permit Plaintiff to file a Third Amended Complaint. Unless Plaintiff can assert otherwise, however, amendment would be futile in the following respects: Collins Court is not a legal entity and therefore not a proper party to this lawsuit, and the statute of limitations has expired for a Fair Housing Act claim against both MCC and HSC.

### III. CBI'S MOTION FOR ENTRY OF JUDGMENT

Defendant CBI has filed a motion for entry of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 109.) Rule 54(b) states that when an action presents more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision,

however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Court previously dismissed CBI from the case, on grounds that Plaintiff failed to respond to CBI's Motion to Dismiss and that the Health Insurance Portability and Accountability Act does not provide for a private right of action. (Doc. 91.) The pending motion argues that good cause exists to enter final judgment on all claims against CBI, and states in particular that "CBI should not be forced to incur additional attorneys' fees and costs just to be dragged along in a case that Plaintiff never should have filed in the first place." (Doc. 109 at 4.) Plaintiff did not respond to the pending motion.

Under Ninth Circuit case law, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co. v. Morrison–Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir.1985) (citation omitted). The Court is not convinced that this case is adequately "unusual." Further, "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result[.]" *Id.* Just as Plaintiff asserted a Fair Housing Act claim against CBI, it also asserted a Fair Housing Act claim against most, if not all, of the Defendants in this case. Accordingly, the Court concludes that granting the "Rule 54(b) request does not comport with the interests of sound judicial administration." *Wood v. GCC Bend, L.L.C.*, 422 F.3d 873, 879 (9th Cir.2005); *See also Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d 942, 951 (9th Cir.1995) (warning against "[t]he dangers of profligate Rule 54(b) determinations"). The Court denies CBI's motion to entry of final judgment.

/ / /

/ / /

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant Collins Court Apartments' Motion to Dismiss (Doc. 40).

**IT IS FURTHER ORDERED granting** Defendant Maricopa Regional Continuum of Care's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 20).

**IT IS FURTHER ORDERED granting** Defendant Human Services Campus, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 76).

**IT IS FURTHER ORDERED** allowing Plaintiff 21 days from the issuance of this Order to file a Third Amended Complaint that conforms with the requirements set forth in this Order. Because the Court is giving Plaintiff leave to amend, the Clerk of the Court shall not enter judgment at this time.

**IT IS FINALLY ORDERED denying** Defendant Community Bridges, Inc.'s Rule 54(B) Motion for Entry of Final Judgment on All Claims Against Defendant Community Bridges, Inc. (Doc. 109).

Dated this 10th day of February, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge