**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeri Christine Villa,<br><br>            Plaintiff,<br><br>v.<br><br>Collins Court Apartments, et al.,<br><br>            Defendants. | No. CV-18-03332-PHX-MTL<br><br>**ORDER** |

Before the Court is the Joint Motion for Sanctions and Motion to Dismiss for Failure to Prosecute filed by Defendants Arizona Housing, Inc., Dunlap & MaGee, Inc., Collins Court Apartments, Community Bridges, Inc., and Human Services Campus (collectively "Defendants"). (Doc. 127.) Plaintiff has not responded. For the reasons expressed herein, the Court will dismiss this case without prejudice.

Plaintiff Jeri Christine Villa, pro se, filed her Second Amended Complaint on November 20, 2018, alleging violations of the Fair Housing Act and other claims against seven defendants. (Doc. 14.) Five defendants have been dismissed with prejudice; only Arizona Housing, Inc. and Dunlap & MaGee, Inc. remain. (Docs. 91, 101, 113, 115.) No final judgment has been entered.

On March 30, 2020, the Court set a Rule 16 Scheduling Conference and ordered the parties to file a Joint Proposed Case Management Report at least 10 days before the Scheduling Conference. (Doc. 116 at 2.) After the parties failed to do so, the Court ordered them to show cause why they should not be sanctioned. (Doc. 119.) In response,

Defendants Dunlap & MaGee, Inc. and Arizona Housing, Inc. filed a Case Management Report without Plaintiff's input or signature. They explained that "[d]espite numerous attempts by Defendants to contact Plaintiff . . . Defendants have received no contact from Plaintiff, and have been unable to meet and confer with Plaintiff."[1] (Doc. 120 at 1.) The Court then ordered Plaintiff to be prepared to show cause why she should not be sanctioned for failing to contribute. (Doc. 122.)

Plaintiff did not appear for the Scheduling Conference and Show-Cause Hearing held on April 30, 2020, nor has Plaintiff contacted the Court since that time. (Doc. 125.) The Court found that Plaintiff has not participated in the proceedings of this case and permitted Defendants to file a motion for sanctions. (*Id.*) On May 8, 2020, Defendants filed the present Joint Motion seeking dismissal with prejudice under Rules 41(b) and 37(b)(2)(A) of the Federal Rules of Civil Procedure. (Doc. 127.) Plaintiff has not responded.[2]

Although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (citation omitted). Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, the Court may dismiss an action if the plaintiff fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). The Ninth Circuit has held that "[t]he standards governing dismissal for failure to obey a court order are basically the same under either of these rules." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citation omitted).

Because dismissal is a harsh penalty, a court determining whether to dismiss for failure to prosecute or failure to comply with a court order must weigh the following

---

[1] Counsel for Defendant Arizona Housing, Inc. certified that the attempts to contact Plaintiff included at least five to ten telephone calls, direct mail on two occasions, and "several" emails. (Doc. 127-1.)

[2] Defendants state that they recently discovered an obituary for a "Jeri Villa" with the same birthdate as Plaintiff. (Doc. 127 at 2 n.3.) The Court does not have sufficient evidence in this record to declare Plaintiff deceased, and therefore will proceed with the case.

- 2 -

factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has held that "[t]he first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the only factor weighing against dismissal is the fourth. The Court finds that Plaintiff's failure to communicate with opposing counsel, to contribute to the Case Management Report, to comply with this Court's orders, and to show cause for her noncompliance has interfered with the Court's docket and unreasonably delayed adjudication of this case on the merits. Further, because Plaintiff's noncompliance has halted this action for the foreseeable future, there is sufficient prejudice to Defendants to warrant dismissal. Thus, the first three factors weigh in favor of dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has twice ordered Plaintiff to show cause why she should not be sanctioned. Plaintiff failed to respond to both Orders, failed to appear at the show-cause hearing, and has not contacted the Court or responded to opposing counsel. (Docs. 119, 122, 125, 127.) While recognizing that Defendants have moved for dismissal with prejudice, the Court finds that dismissal with prejudice would be unnecessarily harsh in this case. The only feasible alternative sanction is dismissal without prejudice. Therefore, the fifth factor weighs in favor of dismissal without prejudice. Accordingly,

**IT IS ORDERED granting** the Motion for Sanctions and Motion to Dismiss for Failure to Prosecute (Doc. 127) to the extent that this matter is dismissed <u>without</u> prejudice for failure to prosecute and failure to obey this Court's Orders. The Clerk of the Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Defendant Community Bridges, Inc.'s Renewed Rule 54(B) Motion (Doc. 118) and Motion for Summary Disposition (Doc. 123), and Defendant Human Services Campus, Inc.'s Motion for Entry of Final Judgment (Doc. 124), are **denied as moot**.

Dated this 22nd day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge